COPY

RON E. SHULMAN (RS-1299)
MARK D. FLANAGAN
MICHAEL B. LEVIN
NATHAN L. WALKER
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

GLENN C. COLTON (GC-2493)
ADRIAN T. DELMONT (AD-7010)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street
New York, NY 10017
Tel. (212) 999-5800

Attorneys for Petitioners,
INTERDIGITAL COMMUNICATIONS
CORPORATION AND INTERDIGITAL
TECHNOLOGY CORPORATION



RECEIVED
JUL 0 1 2005
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT       **JUDGE CASTEL**

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of Arbitration between<br>INTERDIGITAL COMMUNICATIONS<br>CORPORATION, a Pennsylvania corporation<br>and INTERDIGITAL TECHNOLOGY<br>CORPORATION, a Delaware Corporation,<br><br>Petitioners,<br><br>and<br><br>NOKIA CORPORATION, a corporation<br>existing under the laws of Finland,<br><br>Respondent. | **05 CV 6180**<br>Case No.<br>ECF CASE<br><br>**PETITION FOR ORDER CONFIRMING ARBITRATION AWARD AND SUPPORTING MEMORANDUM OF LAW** |

Petitioners InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") hereby petition this Court to confirm a binding arbitration Award rendered by a duly constituted Arbitral Tribunal on June 11, 2005, against Nokia Corporation ("Nokia") pursuant to the rules of arbitration of the International Chamber

of Commerce ("the Award"). A duly certified copy of the Award is attached as Exhibit A to the Declaration of William J. Merritt in Support of InterDigital's Petition for Order Confirming Arbitration Award ("Merritt Declaration"), filed concurrently herewith.

In support of this petition, InterDigital respectfully avers as follows:

## THE PARTIES

1. Petitioner InterDigital Communications Corporation ("IDCC") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in King of Prussia, Pennsylvania. Petitioner InterDigital Technology Corporation ("ITC") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Wilmington, Delaware. IDCC is ITC's parent company.

2. On information and belief, respondent Nokia Corporation is a corporation organized and existing under the laws of Finland, having a principal place of business at Keilalahdentie 4, Espoo 02150 in Finland.

## JURISDICTION AND VENUE

3. This proceeding arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the New York Convention").[1] The New York Convention applies to this proceeding because the Award that InterDigital seeks to have confirmed arises arise out of a legal relationship that is considered as commercial within the meaning of 9 U.S.C. § 1 (*see* 9 U.S.C. §§ 1, 202, 208), and is not considered as a domestic award in the United States (*see* New York Convention, Art 1). The Award was rendered against a foreign corporation (Nokia) in an international arbitration proceeding conducted under the rules of the International Chamber of Commerce (Paris) ("the ICC Rules"), and arose out of an international commercial agreement that contemplated and resulted in performance outside the United States.

---

[1] The United States and Finland are both signatories to the New York Convention, which is enforced in the United States through Chapter 2 of the Federal Arbitration Act—9 U.S.C. §§ 201 *et seq.*

of Commerce ("the Award"). A duly certified copy of the Award is attached as Exhibit A to the Declaration of William J. Merritt in Support of InterDigital's Petition for Order Confirming Arbitration Award ("Merritt Declaration"), filed concurrently herewith.

In support of this petition, InterDigital respectfully avers as follows:

## THE PARTIES

1. Petitioner InterDigital Communications Corporation ("IDCC") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in King of Prussia, Pennsylvania. Petitioner InterDigital Technology Corporation ("ITC") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Wilmington, Delaware. IDCC is ITC's parent company.

2. On information and belief, respondent Nokia Corporation is a corporation organized and existing under the laws of Finland, having a principal place of business at Keilalahdentie 4, Espoo 02150 in Finland.

## JURISDICTION AND VENUE

3. This proceeding arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the New York Convention").[1] The New York Convention applies to this proceeding because the Award that InterDigital seeks to have confirmed arises arise out of a legal relationship that is considered as commercial within the meaning of 9 U.S.C. § 1 (*see* 9 U.S.C. §§ 1, 202, 208), and is not considered as a domestic award in the United States (*see* New York Convention, Art 1). The Award was rendered against a foreign corporation (Nokia) in an international arbitration proceeding conducted under the rules of the International Chamber of Commerce (Paris) ("the ICC Rules"), and arose out of an international commercial agreement that contemplated and resulted in performance outside the United States.

---

[1] The United States and Finland are both signatories to the New York Convention, which is enforced in the United States through Chapter 2 of the Federal Arbitration Act—9 U.S.C. §§ 201 *et seq.*

4. This Court has jurisdiction over the subject matter of this proceeding pursuant to 9 U.S.C. § 203, and pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds $75,000.

5. This Court has personal jurisdiction over respondent Nokia in this action because: (i) Nokia has consented to personal jurisdiction in New York for actions relating to the arbitration by, *inter alia*, agreeing to arbitrate in New York, and subsequently initiating and participating in the arbitration proceeding in New York; and (ii) Nokia transacted business in New York by participating in the arbitration proceeding, and this action arises out of that transaction.

6. Venue is proper in this District pursuant to 9 U.S.C. § 204 because the written agreement containing the arbitration provision pursuant to which the Award was rendered designates New York City, New York, as the place of arbitration, and the arbitration took place in that location.

## STATEMENT OF FACTS

7. On January 29, 1999, InterDigital and Nokia entered into three expressly interrelated contracts relating to digital cellular technology:

- A long-term agreement for the development of a digital cellular technology known as Time Division Duplex ("the TDD Development Agreement");

- A patent license agreement under which, in exchange for agreeing to pay royalties to InterDigital, Nokia received a worldwide license under InterDigital's portfolio of patents ("Patent License Agreement"); and

- A "Master Agreement," which includes certain general terms and conditions that apply to the Patent License Agreement and the TDD Development Agreement.

Merritt Decl. at ¶ 2.[2] The Master Agreement, by its terms, provides that the validity and interpretation of the Master Agreement, the TDD Development Agreement, and the Patent License Agreement are governed by New York law. *Id.* at Exh. C (Master Agreement) at Arts. 2.1 and 8.3.

---

[2] A copy of the Patent License Agreement and the Master Agreement is attached as Exhibits B and C, respectively, to the Merritt Declaration filed concurrently herewith.

8. In 2003, a dispute arose between InterDigital and Nokia concerning Nokia's royalty obligations to InterDigital under the Patent License Agreement. *Id.* at ¶ 3.

9. As required by Article 4.1 of the Master Agreement, the parties submitted their dispute to binding arbitration in accordance with the arbitration rules of the ICC. *Id.* Article 4.1 provides for binding arbitration in New York City, New York, for disputes arising out of the Patent License Agreement as follows:

> The parties shall attempt to amicably resolve all disputes arising under this Agreement or under the Related Agreements [*i.e.*, TDD Development Agreement or the Patent License Agreement][3]. . . . If such dispute is not resolved . . . , the dispute shall be submitted to arbitration and shall be resolved by binding arbitration by three arbitrators in accordance with the then prevailing rules for commercial arbitration of the International Chamber of Commerce (Paris) (hereinafter "ICC"). The language of the Arbitration shall be English language and the place of the Arbitration shall be New York City . . . .

*See* Merritt Decl. at Exh. C (Master Agreement) at § 4.1.

10. In accordance with the terms of the Master Agreement and the ICC Rules, a three-member Arbitral Tribunal was selected to preside over and resolve the parties' dispute. *Id.* at ¶ 4. Specifically, InterDigital nominated Lois W. Abraham, Esq. to serve as an arbitrator, and Nokia nominated Kimball R. Anderson, Esq. to serve as an arbitrator. *Id.* Thereafter, pursuant to the ICC Rules, the Secretary General of the International Court of Arbitration of the ICC (the "ICC Court") confirmed Ms. Abraham and Mr. Kimball as co-arbitrators, and the ICC Court appointed a third arbitrator, Carlos J. Bianchi, Esq., to serve as Chairman of the Arbitral Tribunal. *Id.*

11. In a letter to the Arbitral Tribunal dated February 20, 2004, Nokia stipulated and consented to the jurisdiction and power of the Arbitral Tribunal to arbitrate and decide the merits of the dispute that InterDigital and Nokia had submitted to arbitration. *Id.* at ¶ 5.

12. After due notice to both parties, the Arbitral Tribunal thereafter conducted an Evidentiary Hearing in New York City, New York, from January 17 through January 27, 2005.

---

[3] The term "Related Agreements" is defined in the Master Agreement to mean the TDD Development Agreement and the Patent License Agreement. *See* Merritt Decl. at Exh. C (Master Agreement) at § 2.1.

*Id.* at ¶ 6. After a full hearing on the merits at which both parties participated and presented evidence in support of their respective claims and defenses, the Arbitral Tribunal rendered its final Award in writing on June 11, 2005, and caused it to be delivered to both parties in accordance with the ICC Rules. *See* Merritt Decl. ¶ 6.

## ARGUMENT

13. The Federal Arbitration Act provides that upon the application of a party to an arbitration award made pursuant to the New York Convention, a district court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *See* 9 U.S.C. § 207 (emphasis added). The sole grounds for refusal or deferral of recognition or enforcement of an award are listed in Article V of the Convention and include failure of the party against whom the award is invoked to receive notice of the arbitration proceedings and other fundamental defects in the process itself. *See* New York Convention, Art. 4. None of those grounds are present in this case.

14. The party opposing confirmation bears a heavy burden of establishing that the award should not be confirmed. *See Compagnie Noga D'Importation et D'Exportation, S.A. v. Russian Fed.*, 361 F.3d 676, 683 (2d Cir. 2004). Nokia cannot meet that burden in this case. Accordingly, pursuant to the mandate of the Federal Arbitration Act, the Court should confirm the Award in its entirety. *See* 9 U.S.C. § 207.

## CONCLUSION

15. For all of the foregoing reasons, InterDigital respectfully moves the Court to:

    a.    Enter an Order confirming the Award as against respondent, Nokia Corporation;

    b.    Enter judgment in conformity therewith;

    c.    Award InterDigital its costs of suit, including reasonable attorneys' fees; and

2620875_5.DOC

   d.  Award InterDigital such other and further relief as this Court may deem just and appropriate.

Dated: July 1, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
   Adrian T. Delmont (AD-7010)

Attorneys for Petitioners
INTERDIGITAL COMMUNICATIONS
CORPORATION AND INTERDIGITAL
TECHNOLOGY CORPORATION